UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAQUAN LEE TYLER,

    Petitioner,

    v.

WARDEN CARLOS BIVENS and
ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

    Respondents.

Civil Action No. 22-1552-TDC

## MEMORANDUM OPINION

Petitioner Daquan Lee Tyler, an inmate at Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2014 conviction for theft of goods with a value between $10,000 and $100,000. Respondents filed a Limited Answer arguing that the Petition should be dismissed as untimely. Tyler was notified of his right to submit a Reply to assert reasons that the Petition should not be dismissed as time-barred, including that the limitations period should be equitably tolled. In a motion, Tyler requested dismissal of his Petition without prejudice to refiling. The Court advised Tyler that granting his request would likely result in any refiled petition being barred by the statute of limitations. Tyler then submitted a Reply in which he argues that his Petition is not time-barred, and that he is eligible for equitable tolling on the basis of attorney error.

Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On October 16, 2013, Tyler was charged in Case No. 123698C in the Circuit Court for Montgomery County, Maryland ("the Circuit Court") with two counts of theft of goods with a value between $10,000 and $100,000 and two counts of being a rogue and vagabond. On April 24, 2014, Tyler pleaded guilty to one count of theft, and on May 9, 2014, he was sentenced to eight years of imprisonment, to run concurrently with the sentence he received in Case No. 122822C and consecutively to the sentence he received in Case No. 122557C. Tyler did not appeal his conviction.

Approximately six years later, on February 29, 2020, Tyler filed a Motion to Correct the Commitment Record in which he asserted two challenges. First, he argued that his eight-year sentence should not run concurrently with the sentence he received in Case No. 122822C and consecutively to the sentence he received in Case No. 122557C. Second, he argued that the Commitment Record incorrectly stated that he received a sentence of nine years, but he actually received a sentence of only eight years. On March 12, 2020, the Circuit Court issued an Amended Commitment Record that reflected the correct sentence of eight years as imposed on May 9, 2014 but did not alter the original order that the sentence run concurrently with the sentence in Case No. 122822C and consecutively to the sentence in Case No. 122557C.

Beginning on May 26, 2020, Tyler proceeded to file a series of motions in the Circuit Court challenging the legality of his guilty plea and sentence. After the proceedings on the Circuit Court, the Appellate Court of Maryland reviewed the merits of Tyler's claims, including Tyler's original eight-year sentence, and affirmed on June 1, 2021. On September 8, 2021, the Supreme Court of Maryland denied Tyler's subsequent petition for a writ of certiorari.

On May 18, 2022, Tyler filed the present Petition in this Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). In the Petition, Tyler asserts that: (1) his plea agreement was ambiguous and unlawful; and (2) the Circuit Court violated his constitutional rights by breaching the plea agreement and ordering his sentence to run consecutively to the sentence in Case No. 122822C.

## DISCUSSION

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). Tyler contends that the Petition is not untimely and, in the alternative, that he is entitled to equitable tolling.

### I.   Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2).

## II.  Timeliness

Tyler's Petition is time-barred. Tyler's conviction became final 30 days after his sentence, on June 9, 2014, which was the last date on which he could have sought an appeal to the Appellate Court of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–302(e) (West 2020) ("Review of [a guilty plea] shall be sought by application for leave to appeal."); Md. Rule § 8–204(b)(2)(A) ("[T]he application [for leave to appeal] shall be filed within 30 days after entry of the judgment or order from which the appeal is sought.").

Almost six years passed before Tyler filed his first Motion to Correct an Illegal Sentence on May 26, 2020. With no state post-conviction or collateral review proceedings during the intervening period, the one-year limitations period expired, and Tyler's Petition is time-barred. *See Mitchell v. Green*, 922 F.3d 187, 191 (4th Cir. 2019) ("'[C]ollateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." (quoting *Wall v. Kholi*, 562 U.S. 545, 553 (2011)).

Tyler argues that his Petition is not untimely because the Circuit Court issued an Amended Commitment Record on March 12, 2020. Generally, "when a state court defendant has been granted a resentencing, the limitations period under § 2244(d)(1)(A) runs from the judgment entered upon resentencing." *Woodfolk v. Maynard*, 857 F.3d 531, 542 (4th Cir. 2017). Tyler,

however, was not resentenced. Rather, the Amended Commitment Record corrected the paperwork to reflect the sentence that was imposed on May 9, 2014.

Tyler also argues that his Petition is not untimely because he has ongoing appellate proceedings in Case No. 122557C. Tyler's federal habeas case, however, challenges his theft conviction in Case No. 123698C, and any ongoing proceedings in another matter cannot toll the statute of limitations for this conviction. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection. (emphasis added)).

Accordingly, where six years passed with no pending state post-conviction proceedings, and where Tyler has identified no basis for tolling that time period, the Petition is time-barred.

## III.   Equitable Tolling

Under certain circumstances, the statute of limitations for federal habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329–330 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."

*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, Tyler presents, and the Court finds, no persuasive basis for equitable tolling of the limitations period. Tyler argues that he is entitled to equitable tolling because his trial counsel "failed to properly advise [him] regarding his right to appeal and seek post-conviction remedies." Reply at 2, ECF No. 10. Attorney error, however, is typically not an "extraordinary circumstance." *Harris*, 209 F.3d at 330–31. Even if this kind of claim could support equitable tolling, the record reflects that at the sentencing hearing, the Circuit Court advised Tyler of his specific appeal rights pursuant to the plea agreement. State Record 98, ECF No. 3-1. In any event, the record reflects that Tyler waited nearly six years before taking any action to challenge his sentence with no additional explanation for the delay, such that he effectively asserts only "a garden variety claim of excusable neglect" that "does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Under these circumstances, Tyler has demonstrated neither extraordinary circumstances nor diligent action to preserve his rights. Accordingly, the Court declines to grant equitable tolling of the limitations period. The Petition will therefore be dismissed as time-barred.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on

a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Tyler must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Tyler's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Tyler may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: April 17, 2025

THEODORE D. CHUANG
United States District Judge